# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ZOOBUH, INC.,<br><br>                    Plaintiff,<br><br>v.<br><br>ALCUDA, LTD; DOES 1-40,<br><br>                    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING APPLICATION FOR WRIT OF EXECUTION<br><br>Case No. 2:14cv228 DN BCW<br><br>District Judge David Nuffer<br><br>Magistrate Judge Brooke Wells |

This matter is referred to the undersigned from Chief Judge David Nuffer under 28 U.S.C. §636(b)(1)(A).[1]  Pending before the court are two closely related motions: first an *ex parte* Motion for Writ of Attachment[2] and second, a Motion for Writ of Execution.[3]  The undersigned held evidentiary hearings pertaining to these motions on January 7th, 8th and 27th.[4] The undersigned informed the parties at the outset of the hearings that the purpose was to determine (1) if the named Defendant and judgment debtor is the proper Defendant and (2) if Bulova Invest, Ltd., a purported third party, owns or otherwise controls Alcuda, Ltd.  The Plaintiff appeared and was represented by Evan A. Schmutz, Jordan K. Cameron and Colin P. Schmutz of Durham Jones & Pinegar, P.C.  The Defendant, Alcuda, Ltd., and purported Third Party, Bulova Invest, Ltd., appeared and were represented by Nina Boyajian and Leslie Godfrey of Greenberg Traurig, LLP.  Purported Third Party, Bulova Invest, Ltd., was also represented by Phillip J. Russell of Hatch, James & Dodge. Representatives of Plaintiff, Defendant and Bulova Invest, Ltd. were also present.

---

[1] Docket no. 18.

[2] Docket no. 14.

[3] Docket no. 16.

[4] Docket nos. 48, 49 and 66.

Following the hearing on the 27th, the court instructed Plaintiff to submit a proposed order memorializing the court's oral ruling and allowed Defendants to file any objections. Defendants filed objections and Plaintiff has filed a response.[5]  Having considered the pleadings, testimony, admitted exhibits, and arguments of the parties including those made in the objections to Plaintiff's proposed order, the court hereby enters the following Findings of Fact, Conclusions of Law, and Order.

At the outset the court notes that Bulova's objections to Zoobuh's proposed findings and order are much more than objections to the form as permitted by Local Rule 54-1(b).[6]  Rather, Bulova seeks to reargue issues raised and resolved during the evidentiary hearing.[7]  This includes the court's finding that ZooBuh met its burden to show that Alcuda, Ltd., with its current office in Cyprus, is the Defendant here and that it is "somehow owned by or otherwise under the authority of third-party Bulova."[8]  The mere fact that the undersigned stated "I suspect that you will have some objections to make"[9] was not intended to reopen Bulova's arguments regarding rulings made from the bench.  The court overrules Bulova's objections and enters the following.

### Findings of Fact

1.      Since 2002, Plaintiff, ZooBuh, Inc., has provided customized email services to customers under the age of 18.

---

[5] Docket no. 59, docket no. 63.

[6] DUCivR 54-1(b).

[7] *See e.g., First National Bank of Wynne v. Twin Creeks Special Service*, 2013 WL 5427528 (D. Utah Sep. 26, 2013).

[8] Transcript Jan. 27, 2016, p. 138.

[9] *Id.* at 139.

2.      ZooBuh owns and controls all the servers, routers and switches on its network through which it provides Internet access service for its customers.

3.      ZooBuh developed a proprietary and customized email client and interface for use by its customers.

4.      Zoobuh receives SPAM emails on its servers.

5.      Beginning in or around October 2012 and to the date of its Complaint, ZooBuh received approximately 20,000 commercial e-mail messages promoting Defendant, Alcuda, Ltd. or websites owned or operated by Defendant, Alcuda, Ltd.

6.      The websites promoted in the emails included: bediscreet.com; freesexmatch.com; getanaffair.com; hornyasia.com; hornyplumps.com; iwantu.com; iwantubbw.com; iwantumilf.com; maritalhookup.com; maturexmatch.com; meetdivorced.com; milfberry.com; mybbwmatch.com; passionmature.com; saucysingles.com; saucysingleslink.com; shagaholic.com; sinfulmates.com; sugarbbw.com; and, upforit.com.

7.      The websites promoted in the emails included: bediscreet.com; freesexmatch.com; getanaffair.com; hornyasia.com; hornyplumps.com; iwantu.com; iwantubbw.com; iwantumilf.com; maritalhookup.com; maturexmatch.com; meetdivorced.com; milfberry.com; mybbwmatch.com; passionmature.com; saucysingles.com; saucysingleslink.com; shagaholic.com; sinfulmates.com; sugarbbw.com; and, upforit.com.

8.      The emails in question independently and collectively caused adverse effect to ZooBuh and contributed to an overall SPAM problem.

9.      The emails continued on a daily basis at the time ZooBuh filed its Complaint.

10.     The majority of the emails in question were sent from an email address containing the sender domain of alcuda.com, specifically from the email address support@alcuda.com.

11.     The WHOIS information for alcuda.com, at all times, provided the physical address for Defendant, Alcuda, Ltd. at 23 Manor Place, Edinburgh, EH37DX, Lothian, United Kingdom (hereinafter "23 Manor Place").

12.     Defendant, Alcuda Ltd., identified alcuda.com as its website in a March, 2012 Merchant Agreement with Credorax.

13.     In addition to the physical address at 23 Manor Place provided for Defendant Alcuda, Ltd. through the WHOIS records for the sending domain of alcuda.com, each of the emails in question provided a second physical address for Defendant, Alcuda, Ltd. at 6 Tassou Papadopoulou, Office/Flat 22, Dometios, Nicosia, Cyprus (herein after "6 Tassou"), in the email footer.

14.     Many of the emails contained sexually explicit content.

15.     Defendant Alcuda, Ltd., is a foreign corporation.

16.     Defendant Alcuda, Ltd., was organized in Cyprus on Dec. 21, 2010 for the purpose of owning all of the domains identified in the Complaint and developing an adult-themed, online dating business in connection with those websites.

17.     ZooBuh filed its Complaint against Alcuda, Ltd. a foreign corporation, on March 27, 2014.

18.     At all times relevant to the Complaint and through January 2016, the Defendant's website, alcuda.com, forwarded to another website; upforitnetworks.com.

19.     Upforitnetworks.com identified Alcuda, Ltd., and provided email addresses to contact Alcuda, Ltd., including partners@upforitnetworks.com, affiliates@upforitnetworks.com, and info@upforitnetworks.com.

4

20.     Each of the websites advertised in the emails in question contained contact information for Defendant, Alcuda, Ltd., which variously included the address at 23 Manor Place, the address at 6 Tassou, or both, and the contact email address of support@alcuda.com which had a registered address at 23 Manor Place.

21.     The WHOIS records for the websites advertised in the emails in question at various times provided physical addresses for Defendant Alcuda, Ltd., including 23 Manor Place, 6 Tassou, or both, and provided a contact email address of support@alcuda.com, and a telephone number for Alcuda, Ltd.

22.     In several of the foregoing WHOIS records and websites, Alcuda Ltd.'s identified physical address was changed from 23 Manor Place to 6 Tassou between 2011 and 2013, but the telephone number and contact email address for Alcuda, Ltd. remained the same.

23.     The copyright information on several of the websites advertised by the emails in question identified Alcuda, Ltd. with a date range that predated Alcuda, Ltd.'s existence as a Cyprus registered entity and extended to periods after its registration (i.e. in some instances © 2002-2016, Alcuda, Ltd.).

24.     As early as December 2010, Defendant, Alcuda, Ltd. used 23 Manor Place as a joint office with various other companies, including a United Kingdom company called IDE 2011, Ltd.

25. IDE 2011, Ltd. was originally organized on August 25, 2006, as Maxymiser Ltd.  On June 29, 2007, Maxymiser Ltd. changed its name to Maxymiser Services Limited. On May 23, 2008, the company changed its name again to Alcuda Limited.  The company changed its name again on September 14, 2011 to IDE 2011 Ltd. However, as of December 2010, the company had no business operations associated with, or related to, the websites identified in

ZooBuh's Complaint and adult-themed online dating.

26.     On December 21, 2010, Defendant Alcuda, Ltd. was registered as a Cyprus entity.

27.     Beginning in 2012, all other companies, including IDE 2011, ceased using the address at 23 Manor Place, and Defendant, Alcuda, Ltd. was the only remaining business doing business at that address.

28.     As of September 14, 2011, there was only one company with the name of Alcuda, Ltd. in existence; Defendant, Alcuda, Ltd.

29.     Alcuda, Ltd. continued to display the 23 Manor Place address on all of its websites.

30.     Alcuda, Ltd. continued to use the 23 Manor Place address for banking and merchant, and support services.

31.     As of January 2016, the WHOIS data for Defendant Alcuda, Ltd.'s website, alcuda.com, still identified Alcuda, Ltd.'s address as 23 Manor Place.

32.     Defendant, Alcuda, Ltd. owned and controlled the online dating website assets, including all of the websites identified in ZooBuh's Complaint, as of 2011.

33.     By no later than October 2012, all the domain names identified in ZooBuh's complaint were under the ownership of Defendant, Alcuda Ltd. and its parent company Bulova Invest Ltd., in which Maxym Polykov was a shareholder.

34.     The wrongdoing identified in the Complaint post-dates Defendant Alcuda, Ltd. and Bulova Invest Ltd.'s ownership of the websites identified in the Complaint.

35.     During all relevant times, Defendant Alcuda, Ltd., maintained multiple business addresses including 23 Manor Place and 6 Tassou.

36.     On March 27, 2014, ZooBuh sent a copy of the Complaint to Alcuda, Ltd., via FedEx to both the 23 Manor Place and 6 Tassou addresses, together with two copies of a Waiver of Service form, and a prepaid means of returning a signed copy to ZooBuh.

37.     The parcels were successfully delivered to Alcuda, Ltd. at both addresses.

38.     On March 28, 2014, ZooBuh emailed a copy of the Complaint to Defendant, Alcuda, Ltd. at partners@upforitnetworks.com, affiliates@upforitnetworks.com, and info@upforitnetworks.com.

39.     All three emails were successfully delivered.

40.     Thereafter, ZooBuh elected to personally serve the Defendant at its 23 Manor Place address, pursuant to the Hague convention, because it did not have to translate the documents into a different language.

41.     On June 17, 2014, the Central Authority for Scotland caused the Scottish Executive Justice Department to personally serve Defendant Alcuda, Ltd. at its 23 Manor Place address pursuant to sub-paragraph (a) of the first paragraph of article 5 of the Hague Convention for Service of Process.

42.     The Scottish Executive Justice Department served Defendant, Alcuda, Ltd. at its 23 Manor Place address and the Central Authority for Scotland, Scottish Government, Justice Directorate, certified service in accordance with the provision of sub-paragraph (a) of the first paragraph of article 5 of the Hague Convention.

43.     Alcuda, Ltd. failed to answer or otherwise response to the Complaint.

44.     On August 26, 2015, the Court entered a Judgment against Defendant, Alcuda,

Ltd. for various violations of the CAN-SPAM Act, in the amount of $4,557,500.00 with interest at the rate of 2.13% per annum together with a permanent injunction against Defendant prohibiting it from sending or causing to be sent email messages to ZooBuh and its customers.

45.     Bulova Invest, Ltd. is the 100% owner of Defendant, Alcuda, Ltd.

46.     Bulova Invest, Ltd. and Defendant Alcuda, Ltd. jointly own all websites and related assets at issue in this lawsuit.

47.     Maxym Polyakov was the co-investor, founder and director of Defendant Alcuda, Ltd. and Bulova, Invest, Ltd. He own Bulova Invest, Ltd. through another entity, Grendall Investments Limited.

48.     Maxym Polyakov formed Alcuda, Ltd. for the purposes of taking ownership of the domains identified in the Complaint and developing an adult-themed, online dating business in connection with those websites.

49.     Maxym Polyakov formed Bulova Invest, Ltd. in part, for the purpose of organizing and controlling Defendant, Alcuda, Ltd., and jointly owning the websites.

50.     Maxym Polyakov admitted ownership with Bulova Invest, Ltd. and Defendant Alcuda, Ltd., to the domains and websites at issue in this lawsuit which form the basis for ZooBuh's Complaint and the resulting Judgment.

51.     Defendant Alcuda, Ltd., Bulova and Maxym Polyakov's products, services or websites were advertised through the emails at issue in the Complaint, which formed the basis for ZooBuh's Complaint and the resulting Judgment.

52.     Defendant Alcuda, Ltd., Bulova and Maxym Polyakov's products, services or websites were advertised through the emails at issue in the Complaint, which formed the basis

for ZooBuh's Complaint and resulted in the Judgment. They transmitted the emails through their email addresses, including specifically, support @alcuda.com.

## Conclusions of Law

Based upon the Complaint[10] and Judge Nuffer's Order for Judgment by Default,[11] the undersigned enters the following conclusions of law.

1.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), for violations of the 15 U.S.C. §7701 et seq. (CAN-SPAM Act of 2003), and pursuant to 15 U.S.C. § 7706(g)(1) (original jurisdiction) for cases involving a civil action by an internet access service adversely affected by a violation of 15 U.S.C. §7704(a)(1), 15 U.S.C. §7704(b), or 15 U.S.C. § 7704(d), or a pattern and practice that violates subparagraphs (2), (3), (4), and/or (5) of 15 U.S.C. § 7704(a)and personal jurisdiction over the parties.

2.      The court has personal jurisdiction over Defendants Alcuda, Ltd. and Bulova Invest, Ltd. as both purposefully availed themselves of the privilege of conducting business in Utah by sending thousands of commercial emails to ZooBuh's mail servers in Utah and because both appeared and participated in this action thereby voluntarily submitting themselves to the jurisdiction of the Court.

3.      Defendant Alcuda, Ltd. utilized multiple business addresses, including 23 Manor Place and 6 Tassou and was subject to service of process at either address.

4.      Sub-paragraph (a) of Article 5 of the Hague Convention provides that "The Central Authority of the State addressed shall itself serve the document or shall arrange to have it served by an appropriate agency . . . by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory . . . ." Hague

---

[10] Docket no. 2.

[11] Docket no. 12.

Convention, 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil Commercial Matters, Article 5.

5.     Personal service of process was properly and sufficiently completed on Defendant, Alcuda, Ltd., pursuant to sub-paragraph (a) of article 5 of the Hague Convention on June 17, 2014. *See id.*

6.     The CAN-SPAM Act grants standing to Internet access services who are adversely affected by SPAM. See 15 U.S.C. §§ 7702(11), 7706(g)(1); *see also Gordon v. Virtumundo*, 575 F.3d 1040, 1050 (9th Cir. 2009); *ZooBuh v. Better Broadcasting*, 2013 WL 2407669 (D. Utah, May 31, 2013).

7.     ZooBuh is a bona fide Internet Access Service who is adversely affected by its receipt of SPAM, and has standing to pursue CAN-SPAM claims. *See id.*

8.     The CAN-SPAM Act attributes liability for violations of the CAN-SPAM Act to the "Sender" of the email messages which it defines as the company whose product, service or website is promoted by the emails and who transmitted or procured the emails in question.  *See* 15 U.S.C. §§ 7702(16), 7704, 7706(g)(2).

9.     Both Defendants Alcuda, Ltd. and Bulova Invest, Ltd. are "Senders" of the emails that formed the basis for ZooBuh's Complaint and resulted in the Judgment.  *See id.*

10.     Defendant Alcuda, Ltd. with a currently registered address of 6 Tassou Papadopoulou, Office/Flat 22, Dometios, Nicosia, Cyprus, is the Defendant and judgment debtor in this action.

11.     The Court may add a party on a motion of any party "or of its own initiative at any stage of the action" even after judgment has been entered when such would serve the ends of justice.  Fed. R Civ. P. 21; *see also Shaw v. AAA Enginerring & Drafting Inc*., 138 Fed. Appx 62

(10th Cir. 2005); *Lenon v. St. Paul Mercury Ins. Co.*, 136 F.3d 1365 (10th Cir. 1998); *Berrios-Bones v. Nexidis*, LLC, 2009 WL 4034787 (Utah Dist. Ct. 2009).

12.     Bulova Invest, Ltd. is indistinguishable from Alcuda, Ltd., in all business operations pertaining to the Complaint and Judgment, is a "Sender" under the CAN-SPAM Act, and should therefore be added as a post-judgment Defendant pursuant to Fed. R Civ. P. 21.

13.     Each of Defendants, Alcuda, Ltd. and Bulova Invest, Ltd. are liable for the full judgment amount of $4,557,500.00 plus interest in the amount for 2.13% per annum calculated from the date of Judgment.

14.     The CAN-SPAM Act permits the court to, "in its discretions, to require an undertaking for the costs of such action, and assess reasonable costs, including reasonable attorneys' fees, against any party." 15 U.S.C. § 7706(g)(4).

15.     Plaintiff may file a motion for attorney fees and taxable costs incurred in this action with an accompanying Declaration of Affidavit upon the conclusion of Judge Nuffer entering an amended final judgement as to all parties.

16.     Each of Defendants, Alcuda, Ltd. and Bulova Invest, Ltd. are bound by the permanent injunction issued by the Court as part of its Judgment.

## Order

Based upon the Court's findings and conclusions of law set forth above, the Court does hereby ORDER, ADJUDGE, and DECREE the following:

1.     Plaintiff's  Motion for Writ of Execution[12] is GRANTED.  Plaintiff's *ex parte* Motion for Writ of Attachment[13] is deemed MOOT.

---

[12] Docket no. 16.

[13] Docket no. 14.

2       Defendant Alcuda, Ltd. with a current address of 6 Tassou Papadopoulou, Office/Flat 22, Dometios, Nicosia, Cyprus, is the Defendant against whom the judgment was entered in this action and is liable as the judgment debtor herein.

3.       Plaintiff's Writ of Execution shall issue.

4.       Bulova Invest, Ltd. is hereby added as a Judgment Debtor and Defendant, and Plaintiffs may request that Judge Nuffer enter an Amended Final Judgment consistent herewith.

5.       The Judgment may be augmented by the amount of Plaintiff's attorney fees incurred in this action, both pre and post judgment, following the entry of an amended judgment.

DATED this 16 March 2016.

Brooke C. Wells
United States Magistrate Judge